UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD EDWARD NOH,
      Petitioner,

v.                                        Case No. 8:23-cv-338-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____

## ORDER

Noh, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), the response in opposition, (Doc. 10), and Noh's amended reply, (Doc. 17), the

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Noh's conviction and sentence were affirmed on direct appeal on July 8, 2020. (Doc. 11-2, Ex. 11.) His judgment became final 90 days later, on October 6, 2020, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 247 days of untolled time passed, Noh filed his state motion for postconviction relief on June 11, 2021. (Doc. 11-2, Ex. 13, p. 3.) That motion remained pending until the state appellate court's mandate issued on January 6, 2023. (Doc. 11-2, Ex. 17.) Noh filed his § 2254 petition 34 days later, on February 10, 2023. (Doc. 1, p. 15.) A total of 281 days of untolled time elapsed. Noh's petition is, therefore, timely under the one-year limitation period.

petition is denied. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I.   BACKGROUND

The State of Florida charged Noh with one count of capital sexual battery on a child less than 12 years of age. (Doc. 11-2, Ex. 1.) Noh was convicted by a state court jury and sentenced to life in prison. (Doc. 11-2, Ex. 2.) The state appellate court reversed Noh's conviction and remanded for a new trial, holding that the trial court should have granted Noh's motion to suppress his statements to law enforcement. *Noh v. State*, 230 So.3d 603 (Fla. 2d DCA 2017).

On retrial, a state court jury again convicted Noh as charged and again sentenced him to life in prison. (Doc. 11-2, Ex. 8, pp. 67, 70-73.) The state appellate court per curiam affirmed. (Doc. 11-2, Ex. 11.) Noh filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 11-2, Ex. 13, pp. 3-6.) The state court struck Noh's motion, and later denied his amended motion for postconviction relief. (*Id.*, pp. 8-10, 27-36.) The state appellate court per curiam affirmed the denial of relief. (Doc. 11-2, Ex. 16.)

## II.    STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This section "defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." *Id.* at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the

AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 55 F.4th 1277, 1292 (11th Cir. 2022). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same

reasoning." *Wilson*, 138 S. Ct. at 1192. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.' " *Brown v. Davenport*, 596 U.S. 118, 135 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but the petitioner's factual claim." *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1355 (11th Cir. 2020) (internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022). This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings were erroneous—so long as the decision, taken as a whole,

doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this exhaustion requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded

the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III.   STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Noh brings claims for ineffective assistance of trial counsel. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly

deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

## IV.   ANALYSIS

### A. Ground One

Noh alleges that his trial counsel, an assistant public defender, had a conflict of interest. Noh contends that the Public Defender's Office withdrew from representation before his first trial because of a conflict, but that the trial court appointed that office to represent him on retrial.

Noh raised this claim as the only ground in his original state postconviction motion. (Doc. 11-2, Ex. 13, pp. 3-5.) The state court struck the motion. The state court found that, to the extent that Noh alleged the trial court erred by appointing the Public Defender's Office, his argument was not cognizable on postconviction review. (*Id.*, p. 9.) To the extent that Noh's claim could be construed as alleging ineffective assistance of counsel, the state court struck it as facially insufficient because Noh failed to allege specific facts entitling him to relief. (*Id.*, pp. 9-10.) The state court gave Noh leave to "file an amended motion under oath with sufficient detail to cure the pleading defects. (*Id.*, p. 10.)

When Noh filed an amended motion, he did not raise the conflict-of-interest claim. (*Id*, pp. 27-28.) The state court found that Noh's failure to correct the pleading deficiencies resulted in the claim's continued facial insufficiency. (*Id.*, p. 33.) The state court concluded that "[t]he claim asserted in [Noh's] original motion is therefore denied with prejudice for the reasons stated in the Court's prior order." (*Id.*)

Noh has not shown entitlement to federal habeas relief. To the extent that his claim alleges trial court error, it is procedurally defaulted. Noh argued in his postconviction motion that the state trial court violated his constitutional rights by appointing the Public Defender's Office. (*Id.*, pp. 4-5.) The state court rejected the federal claim on the state law requirement that claims of trial court error must be raised on direct appeal. (*Id.*, p. 9.)

A state court's rejection of a petitioner's federal constitutional claim on state procedural grounds precludes federal review if the state procedural ruling rests on an "independent and adequate" state law ground. *Ferguson v. Sec'y, Dep't of Corr.*, 580 F.3d 1183, 1212 (11th Cir. 2009); *see also Kimbrough v. Sec'y, Fla. Dep't of Corr.*, 809 F. App'x 684, 691-92 (11th Cir. 2020); *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). "[T]he adequate and independent state ground doctrine requires

11

the federal court to honor a state holding that is a sufficient basis for the state court's judgment. . . ." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

To be considered adequate to foreclose review of a federal claim, a rule must be firmly established and regularly followed by state courts. *Lee v. Kemna*, 534 U.S. 362, 376 (2002). The rule requiring claims of trial court error to be brought on direct appeal is firmly established and regularly followed in Florida courts. *See Dunn v. State*, 282 So.3d 899, 902 (Fla. 1st DCA 2019) ("[C]laims of trial court error are not cognizable in a motion for postconviction relief. Those claims must be raised on direct appeal." (citing *Hodges v. State*, 885 So.2d 338, 366 (Fla. 2004) and *Johnson v. State*, 985 So.2d 1215, 1215 (1st DCA 2008))).

As the state court's decision was based on an adequate rule of state law independent from the merits of the federal constitutional question, Noh's federal claim is procedurally defaulted. *See Harris*, 489 U.S. at 262. Noh does not establish that an exception applies to excuse the default. Any claim of trial court error for appointing the Public Defender's Office to represent Noh at retrial is, therefore, barred from federal habeas review.

When construed as a claim of ineffective assistance of counsel, the state court did not unreasonably deny Noh's claim of ineffective assistance of trial counsel. The

state court's denial for failure to amend the claim to include necessary allegations was an adjudication on the merits. *See Borden v. Allen*, 646 F.3d 785, 808-16 (11th Cir. 2011) (examining a state postconviction court's rejection of a claim for failure to plead the claim with sufficient specificity and stating that the state court's "consideration of the sufficiency of the pleadings concerning a federal constitutional claim [in a postconviction motion] necessarily entails a determination on the merits of the underlying claim"); *Gaedtke v. Sec'y, Dep't of Corr.*, 369 F. App'x 12, 13-14, 16 n.2 (11th Cir. 2010) (stating that a state court's denial of an ineffective assistance claim as facially insufficient when the petitioner did not allege he was prejudiced and therefore "failed the prejudice prong of *Strickland*" was a denial on the merits entitled to deference under § 2254(d)(1)).

To establish entitlement to relief based on trial counsel's conflict of interest, Noh must show that his attorney had an actual conflict of interest that adversely affected the attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980). To show an actual conflict, Noh must "make a factual showing of inconsistent interests" and 'must demonstrate that his attorney acted in some way that reflected the reality of these conflicting interests. . . ." *Reynolds v. Chapman*, 253 F.3d 1337, 1343 (11th Cir. 2001). Noh's postconviction motion did not allege facts establishing

that an actual conflict adversely affected counsel's performance. (Doc. 11-2, Ex. 13, pp. 3-5.) Thus, the state court did not unreasonably deny Noh's ineffective assistance claim as facially insufficient. Having failed to show that the state court's ruling was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable factual determination, Noh is not entitled to relief on Ground One.

### B. Ground Two-A

Noh contends that trial counsel was ineffective for failing to "act[] upon [the state trial court] Judge's courtroom order to meet with Noh" and produce a plea deal that would be acceptable to the State. (Doc. 1, p. 7.) Noh argued in his amended postconviction motion that the state court judge directed counsel to meet "one on one" with Noh to "create and sign an acceptable plea deal for the State to consider and to have it in the State's office no later than August 9, 2018." (Doc. 11-2, Ex. 13, pp. 27-28.) Noh also asserted that he would have signed such an offer had counsel complied with the trial court's instruction. (*Id.*, p. 28.)

The state court rejected Noh's allegations as "speculative at best." (*Id.*, p. 35.) The state court noted that the State need not extend or accept plea offers because a criminal defendant has no constitutional right to plea bargain. (*Id.*) The state court

also pointed out that "no plea offer is or can be finalized" until the trial court makes inquiries and findings as required by Florida's procedural rules. (*Id.*)

The state court found that Noh failed to explain what his plea offer to the State would have been "after this supposed meeting" with counsel; how he could be sure that the State would accept an offer that he proposed; or how he knew that the state court would have accepted and finalized this offer. (*Id.*) Finding that Noh's vague and conclusory allegations were insufficient to meet either prong of *Strickland*, the state court denied Noh's claim. (*Id.*, pp. 35-36.)

In opposing Noh's claim, Respondent has filed and relied upon transcripts of state court pretrial hearings that were held on May 10, 2018, and July 26, 2018. (Doc. 11-2, Exs. 8a & 8c.) Respondent argues that the transcripts disprove Noh's ineffective assistance claim. But the transcripts were not a part of the state court record when the state court ruled on Noh's postconviction claim. The proceedings were not transcribed until June 2023, after Noh had filed his § 2254 petition. (Doc. 11-2, Ex. 8a, p. 6 & Ex. 8c, p. 14.) The copy of the docket sheet submitted by Respondent does not show these transcripts having been filed in the state court record. (Doc. 11-2, Ex. 2.) Nor were they included in Noh's designations to the court reporter to prepare for the direct appeal record. (Doc. 11-2, Ex. 8, p. 82.)

15

Because the transcripts were not part of the record before the state court on postconviction review, the Court cannot consider them in assessing the state court's decision. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and explaining that the language of § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

The record, as it existed when the state court denied Noh's claims, shows that the state court's ruling was reasonable. As the state court found, Noh only speculated that counsel could have produced a plea deal acceptable to Noh, the State, and the trial court. Noh did not present the state court with evidence of what such an offer would be or establish a reasonable probability that the State and the trial court would have accepted it. *See Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012) (stating that when the prejudice alleged due to counsel's deficient performance is being required to stand trial, a defendant must show that if not for counsel's ineffectiveness, there is a reasonable probability that both parties would have agreed to a plea offer without withdrawing, that the trial court would have accepted the plea, and that the punishment would have been less severe than what was imposed).

16

The sort of speculation that Noh offered to support his claim is insufficient to establish counsel's ineffectiveness. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that a petitioner's "unsupported allegations" that are "conclusory in nature and lacking factual substantiation" cannot sustain an ineffective assistance claim). Noh has not established that the state court's rejection of his claim involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. He is not entitled to relief on Ground Two-A.

## C. Ground Two-B

Noh argues that trial counsel was ineffective for not obtaining "professional psychological/physical witnesses" to testify about the victim. (Doc. 1, p. 7.) The victim, Noh's former stepdaughter, testified at the retrial that Noh sexually battered her when she was nine years old. (Doc. 11-2, Ex. 8f, doc. pp. 598-621.) Noh argued in his postconviction motion that psychological and physical "testing" of the victim "for claims of sexual abuse" would have led to expert testimony about the victim's "mental and physical state . . . over the preceding months before her claim of sexual abuse." (Doc. 11-2, Ex. 13, p. 28.)

Respondent correctly contends that this claim is procedurally defaulted because Noh did not challenge its denial on postconviction appeal. (Doc. 11-2, Ex.

14.) Under Florida law, an appellant's failure to fully brief and argue a claim on appeal results in the claim's waiver. *Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla. 1997). Although Noh did not present the claim on postconviction appeal, it is still considered exhausted. State-court remedies are exhausted "when they are no longer available, regardless of the reason for the unavailability." *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (quoting *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006)). As a result, any federal claim Noh now raises is procedurally defaulted because it was "not presented to the state courts 'consistent with [the State's] own procedural rules' " requiring him to appeal the denial of this claim. *Ramirez*, 596 U.S. at 378 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). Noh has not shown that an exception applies to excuse the default.

Even if the claim were not defaulted, it would not entitle Noh to relief. The state court denied Noh's claim, finding that he "failed to provide any evidence" that trial counsel performed deficiently. (Doc. 11-2, p. 34.) The state court found that Noh did not explain what an expert's area of expertise would be; why it was necessary to hire an expert to conduct testing of the victim; what the expert would have testified to regarding the victim's mental and physical state in the months before the sexual battery; how such testimony would have rebutted a material fact at the retrial;

or how the omission of such testimony prejudiced Noh. (Doc. 11-2, Ex. 13, pp. 34-35.) Because it found that Noh "failed to allege any facts entitling him to relief" and that his allegations were "vague and conclusory," the state court denied his claim. (*Id.*, p. 35.)

Noh has not established entitlement to relief. The state court reasonably determined that Noh's claim was too speculative to show ineffective assistance. Noh did not specify what testimony expert witnesses would have offered or explain how the absence of this testimony undermines confidence in the outcome of his trial. Instead, Noh only made the vague and generalized claim that he was prejudiced by counsel's failure to provide "available and professional witness testimony as to the mental and physical state" of the victim in the months before the offense. (Doc. 11-2, Ex. 13, pp. 27-28.)

This argument was insufficient to demonstrate that Noh's counsel was ineffective. *See Tejada*, 941 F.2d at 1559; *Shaw v. United States*, 729 F. App'x 757, 759 (11th Cir. 2018) ("[C]omplaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and 'allegations of what a witness would have testified are largely speculative.' " (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978))). The state court's decision did not involve

an unreasonable application of *Strickland*. Nor was it based on an unreasonable factual determination. Ground Two-B does not warrant federal habeas relief.

### D. Ground Two-C and Ground Four

Noh asserts that trial counsel was ineffective for failing to "request[] final judgment on victim impeachment" in his trial. (Doc. 1, p. 7.) He contends that the trial transcript shows "impeachment of witness only." (Doc. 1, p. 10.)

This claim is procedurally defaulted. Although Noh's § 2254 petition does not specify exactly why he believes counsel was ineffective, Noh did not raise a similar claim of ineffective assistance of trial counsel in his amended postconviction motion. (Doc. 11-2, Ex. 13, pp. 27-30.) Noh has not shown that an exception applies to excuse the resulting procedural default. *See Ramirez*, 596 U.S. at 378. He is not entitled to relief on Ground Two-C or Ground Four.

### E. Ground Two-D and Ground Three

Noh contends that trial counsel was ineffective for failing to tell him of a plea offer made by the State.[2] *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding

---

[2] In Ground Four, Noh also repeats the allegation that his trial counsel failed to meet with him in the jail as directed by the state court trial judge. This claim has already been considered and denied in Ground Two-A.

that attorneys must convey to a client "formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). As Respondent notes, Noh did not raise this claim in his amended postconviction motion. (Doc. 11-2, Ex. 13, pp. 27-30.) The claim, while technically exhausted due to Noh's inability to raise it in state court at this point, is procedurally defaulted because Noh failed to raise it under Florida's established postconviction review process. *See Ramirez*, 596 U.S. at 378.

Noh has not established that an exception applies to overcome the default. Noh may intend to argue that he meets the cause and prejudice exception under *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, a § 2254 petitioner can show cause for the default of an ineffective assistance of trial counsel claim when "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective" and the defaulted claim is "substantial" in that it "has some merit." *Id.* at 14, 17. A claim without any merit or that is wholly without factual support is not substantial. *See id.* at 15-16.

A petitioner shows that his defaulted claim is substantial under *Martinez* by demonstrating that "reasonable jurists 'would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' " *Clark v. Comm'r, Ala.*

21

*Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021) (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269-70 (11th Cir. 2014)).

Noh has not shown that his defaulted claim—that trial counsel was ineffective for failing to convey a plea offer—is substantial under *Martinez*. In his reply, Noh relies on the transcript of the May 10, 2018 pretrial hearing. (Doc. 17, doc. pp. 16-21.) As addressed, that proceeding was not transcribed until 2023, apparently as an exhibit to the response in this federal habeas litigation and was not part of the state court record.

*Shinn v. Ramirez* significantly restricted Martinez's scope. 596 U.S. 366. *Ramirez* held that, unless a petitioner satisfies the provisions of § 2254(e)(2), a federal court cannot consider evidence outside the state court record "to assess cause and prejudice under *Martinez*." *Id.* at 389. Section 2254(e)(2) imposes "stringent requirements" on a petitioner seeking to expand the state court record. *Id.* It states that if a petitioner "failed to develop the factual basis of a claim in State court proceedings," a federal court cannot consider new evidence unless the claim relies on either (1) "a new rule of constitutional law" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Furthermore, even if a petitioner satisfies either of these exceptions,

he still must show that further factfinding would establish, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the charged offense. *Id.* § 2254(e)(2)(B).

A failure to develop the factual basis of a claim exists when "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence," as used in § 2254(e)(2), "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

Noh did not diligently pursue this claim. While he raised several claims in his state postconviction motion, including a claim about counsel's alleged ineffectiveness in the plea-bargaining process, Noh did not allege that counsel failed to convey a plea offer. Because Noh did not make "a reasonable attempt to investigate and pursue his ineffective assistance of counsel claim in state court," that claim is subject to § 2254(e)(2). *McNair v. Campbell*, 416 F.3d 1291, 1298 (11th Cir. 2005); *see also Will v. Sec'y, Dep't of Corr.*, 278 F. App'x 902, 907 (11th Cir. 2008) (stating that a petitioner "did not sufficiently develop the factual basis of [his] claim in state court" under § 2254(e)(2) because he never "raise[d] before the state habeas court his claim

23

that his trial counsel was ineffective for failing to move to suppress his confession on the basis that he requested, but was refused, counsel during an unrecorded break in his interrogation").

Accordingly, the Court cannot expand the record to consider the transcript unless Noh meets the criteria of § 2254(e)(2). But because Noh's claim does not rely on a new rule of constitutional law, and because he fails to show that he could not have discovered the factual predicate of the claim through due diligence, expansion of the record under § 2254(e)(2) is unavailable to Noh.

Thus, under *Ramirez*, Noh must establish that his defaulted claim is substantial without going beyond the state court record to show cause. He has not done so. Noh has not pointed to evidence in the state court record showing that the State made a formal plea offer that counsel failed to present to Noh. As Noh has failed to show cause and prejudice under *Martinez*, the procedural default of his ineffective assistance claim stands, and the claim is barred from federal habeas review. Noh is not entitled to relief on Ground Two-D or Ground Three.

## V.    CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a

24

district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Noh must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Noh has not made the requisite showing. Finally, because Noh is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Noh's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Noh and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 16, 2025.

Kathryn Kimball Mizelle
United States District Judge